UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**HASAN PEARSON,**

    **Petitioner,**

**v.**                                                                **Case No.: 8:19-cv-1804-T-27AEP**
                                                                  **Criminal Case No.: 8:17-cr-507-T-27AEP**

**UNITED STATES OF AMERICA,**

    **Respondent.**
_____/

**ORDER**

**BEFORE THE COURT** are Petitioner Pearson's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (cv Dkt. 1), and the United States' Response (cv Dkt. 5). Upon consideration, Pearson's § 2255 motion is **DENIED**.[1]

**BACKGROUND**

Pearson and other individuals were indicted and charged with multiple counts of various drug offenses involving heroin, fentanyl, and fentanyl analogue. (cr Dkts. 1, 10, 62). Pearson pleaded guilty pursuant to a plea agreement to Count One, which charged conspiracy to distribute one kilogram or more of heroin, 400 grams or more of fentanyl, and 100 grams or more of a fentanyl analogue, resulting in death and serious bodily injury, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(i), (vi), and (b)(1)(C). (cr Dkt. 62 at 1-2; cr Dkt. 263 at 1).

---

[1] Pearson also filed a memorandum in support in which he requests an evidentiary hearing. (cv Dkt. 2) An evidentiary hearing is unnecessary since the § 2255 motion "and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Additionally, because Pearson is not entitled to relief, his motion to appoint counsel is due to be denied. (cv Dkt. 4).

1

During his change of plea hearing, Pearson confirmed that he understood the charges, had reviewed the facts, evidence, and plea agreement with counsel, and that counsel had done everything he asked. (cr Dkt. 295 at 7-8, 11-13). He expressed satisfaction with counsel's representation. (Id. at 11). He denied being forced, threatened, or promised anything outside of the plea agreement. (Id. at 25). He acknowledged that he faced a mandatory minimum term of 20 years and a maximum of life, and that the sentencing guidelines were not binding upon the Court. (Id. at 27-28, 31-32). He acknowledged that by pleading guilty he was waiving constitutional rights, including the right to a jury trial and "any objections as to how the charges were brought against [him] or as to how the evidence was gathered in the case." (Id. at 26-28, 32-34).

As he stipulated, the factual basis in the plea agreement demonstrated his role in receiving and distributing drugs, resulting in several deaths. (Id. at 37-49; cr Dkt. 263 at 20-32). At his change of plea of hearing, his counsel raised a concern about whether Pearson would be subject to a role enhancement as an organizer or leader of the conspiracy, and the United States advised that nothing in the factual basis was intended to confer "some form of aggravating role." (cr Dkt. 295 at 48-49). Counsel further noted that Pearson maintained that a co-defendant, Salik Stevens, had his own source of drugs and Pearson denied being involved in the distribution of certain branded heroin. (Id. at 49-50). Pearson nonetheless acknowledged that "it is reasonably foreseeable as a distributor of heroin, that people would die" and that "[h]e takes responsibility for that in this case, that these people died from heroin that he supplied to the organization." (Id. at 50).

Pearson's guilty plea was accepted as knowing, voluntary, and intelligent, and he was adjudicated guilty. (Id. at 52-54; cr Dkts. 265, 291). The presentence investigation report (PSR) calculated his total offense level as 37, considering the deaths charged in Count One, and included

a two level enhancement for maintaining a drug premises and a three level reduction for acceptance of responsibility. (cr Dkt. 349 ¶¶ 93-94, 100-102). With a criminal history category of II, Pearson's guidelines range was 240-293 months. (Id. ¶¶ 141-142).

Counsel raised several objections to the PSR, including Pearson's contention that he did not supply heroin which caused a death. (cr Dkt. 349 at 30-31, 63-66).[2] At sentencing, counsel nonetheless acknowledged that "you deal in narcotics, it's reasonably foreseeable that there will be people that . . . overdose and that die" and that Pearson "understood that he needed to take responsibility." (cr Dkt. 496 at 28-29; cr Dkt. 349 at 65). After consideration of the § 3553(a) factors, the Court sentenced Pearson to 300 months, noting that a guidelines sentence did not "adequately address and take into consideration the multiple deaths and the bodily injury to the one individual." (cr Dkt. 496 at 35-37).

Pearson did not appeal.[3] (cv Dkt. 1 at 1). In his § 2255 motion, he raises six claims of ineffective assistance of counsel. (cv Dkt. 1). The United States responds that the claims are without merit. (cv Dkt. 5). The Court agrees.

---

[2] Pearson's objection to an enhancement for maintaining a drug premises was sustained, reducing his total offense level to 35 and the guidelines range to 240 months. (cr Dkt. 496 at 20). Additionally, on counsel's objection, the statement that Pearson "operated" the drug trafficking organization was stricken from the PSR, although the Court overruled an objection relating to the locations at which Pearson distributed drugs. (Id. at 3-9). Counsel also withdrew objections relating to the United States' inability to prove causation in a death and the criminal history calculation. (Id. at 9, 21).

[3] The plea agreement included an appeal waiver in which Pearson waived

> the right to appeal [his] sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds [his] applicable guidelines range *as determined by the Court* pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then [he] is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

**STANDARD**

To establish ineffective assistance of counsel, Pearson must demonstrate that (1) counsel's performance was constitutionally deficient, and (2) he was prejudiced as a result. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "Judicial scrutiny of counsel's performance must be highly deferential. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* at 689. And "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* (citation and internal quotation marks omitted).

The *Strickland* test also applies to challenges of guilty pleas. *See Scott v. United States*, 325 F. App'x 822, 824 (11th Cir. 2009). The Eleventh Circuit explains:

> In this context, the first prong of *Strickland* requires the defendant to show his plea was not voluntary because he received advice from counsel that was not within the range of competence demanded of attorneys in criminal cases. The second prong focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process, meaning the defendant must show a reasonable probability that, but for counsel's errors, he would have entered a different plea.

*Id.* (internal quotation marks and citations omitted); *see Lafler v. Cooper*, 566 U.S. 156 (2012).

Notably, "counsel owes a lesser duty to a client who pleads guilty than to one who decides to go to trial," and "need only provide his client with an understanding of the law in relation to the

---

(cr Dkt. 263 at 17-18 (emphasis in original)).

facts, so that the accused may make an informed and conscious choice between accepting the prosecution's offer and going to trial." *Wofford v. Wainwright*, 748 F.2d 1505, 1508 (11th Cir. 1984). Counsel must make an "independent examination of the facts, circumstances, pleadings and laws involved, [and] offer his informed opinion as to the best course to be followed in protecting the interests of the client." *Id.* Collateral relief is only available if a petitioner "prove[s] serious derelictions on the part of counsel sufficient to show that his plea was not, after all, a knowing and intelligent act." *Lopez v. Reid*, No. 214CV584FTM38MRM, 2017 WL 2869405, at *2 (M.D. Fla. July 5, 2017) (quoting *McMann v. Richardson*, 397 U.S. 759, 774 (1970)).

## DISCUSSION

Because Pearson cannot show that counsel's performance was deficient or that he suffered resulting prejudice, his ineffective assistance of counsel claims fail. To the extent he challenges his sentence independent of his ineffective assistance of counsel claims, the challenge is not cognizable and without merit. *See Spencer v. United States*, 773 F.3d 1132, 1139 (11th Cir. 2014).

### *Ground One*

In Ground One, Pearson contends his counsel was ineffective in "failing to conduct any pretrial investigation." (cv Dkt. 1 at 4). He explains,

> As to the drug overdoses of the victims, and the laboratory result for "but for cause" of the substances found in the victims system at the time of death. This proved detrimental to apply the "death results" enhancement, because in order to create a reasonable doubt it was necessary to show that someone else supplied the drugs to the victims before their deaths, and not defendant, who was a minor drug distributor for self gain. And the Government's own documents revealed that Salik Stevens was the major drug supplier to all the death results, and acted alone.

(Id.). His contentions are without merit.

5

First, as discussed below, Pearson entered his guilty plea voluntarily, knowingly, and intelligently. Second, he waived his claims relating to pre-plea ineffective assistance of counsel by pleading guilty. *See, e.g., Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992); *Franklin v. United States*, 589 F.2d 192, 194-95 (5th Cir. 1979). Even if the claims are not waived, Pearson is unable to establish ineffective assistance of counsel.

As the United States observes, Pearson pleaded guilty to conspiracy to distribute controlled substances resulting in death and serious bodily injury, in violation of 21 U.S.C. § 846 and the penalty provisions, §§ 841(b)(1)(A)(i), (vi), and (b)(1)(C). (cv Dkt. 5 at 9; cr Dkt. 263 at 1). The stipulated factual basis established that he obtained and distributed drugs to various dealers who supplied drugs to the victims. (cr Dkt. 263 at 20-33). As Pearson acknowledged, it was reasonably foreseeable that people would die from using the drugs. (cr Dkt. 496 at 29; cr Dkt. 295 at 50).[4] Accordingly, a reasonable attorney could have deemed it unnecessary to conduct an investigation into the possibility that someone else had supplied the drugs that resulted in death.[5]

---

[4] "A member of a drug conspiracy is liable for his own acts and the acts of others in furtherance of the activity that he agreed to undertake and that are reasonably foreseeable in connection with that activity." *United States v. Walker*, 578 F. App'x 812, 819 (11th Cir. 2014). And "[w]here a conspirator is involved in distributing drugs to addicts, . . . it is a reasonably foreseeable consequence that one or more of those addicts may overdose and die." *United States v. Westry*, 524 F.3d 1198, 1219 (11th Cir. 2008); *see also United States v. Grant*, No. 19-10289, 2020 WL 820944 (11th Cir. Feb. 19, 2020)

[5] As the Supreme Court explains:

> Strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation. In other words, counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments.

*Wiggins v. Smith*, 539 U.S. 510, 521-22 (2003); *see also Hardwick v. Crosby*, 320 F.3d 1127, 1162 n.146 (11th Cir. 2003) (noting that "speculation is insufficient to carry the burden of a habeas corpus petitioner as to what evidence could have been revealed by further investigation" and the "decision whether to present a line of defense or even to

Additionally, Pearson is unable to demonstrate prejudice. First, he provides no evidence that an investigation would have proved the drugs that resulted in the deaths were not connected to him. And to the extent he contends he would not have pleaded guilty if counsel had investigated the matter, the record belies his claim. His Rule 11 plea colloquy was comprehensive and demonstrates that he pleaded guilty knowingly and voluntarily, and that he was satisfied with counsel's representation. And Pearson was facing a potential life sentence. His plea agreement provided that the United States would dismiss the three remaining charges and allowed for a three-level reduction for acceptance of responsibility. (cr Dkt. 263 at 3-4). Accordingly, in the absence of deficient performance or prejudice, Ground One is due to be denied.

***Ground Two***

In Ground Two, Pearson contends his counsel was ineffective in "advising [him] to accept a plea agreement that violates his Due Process." (cv Dkt. 1 at 5). He explains that he

> never understood what he was signing, so the plea agreement was not knowing or voluntary. This proved detrimental for a appeal and retroactive new laws that will apply to him. On collateral review, that that referred to the death results enhancement as an element that must be submitted to the jury and found beyond a reasonable doubt. Counsel stated at sentencing that his defendant is not admitting to the death results enhancement, but has no objections. Although plea agreements may be governed by contract principles, Due Process clause requires that these principles be supplemented with concerns that bargaining process not violate [his] right to fundamental fairness.

(Id.). His contentions are without merit.

First, Pearson did not object to the Magistrate Judge's Report and Recommendation concerning his guilty plea. *See United States v. Barefoot*, 342 F. App'x 480, 484 (11th Cir. 2009)

---

investigate it, is a matter of strategy and is not ineffective unless the petitioner can prove that the chosen course, in itself, was unreasonable" (citations, internal quotation marks, and alterations omitted)).

(finding argument that guilty plea was not entered intelligently and knowingly waived because of failure to object to report and recommendation). Second, the record, specifically his Rule 11 colloquy, belies his claim that the guilty plea was not entered knowingly, intelligently, and voluntarily. Indeed, "[t]here is a strong presumption that statements made during the plea colloquy are true," and Pearson "bears a heavy burden to show that his statements under oath were false." *Patel v. United States*, 252 F. App'x 970, 975 (11th Cir. 2007) (citations omitted).[6] The plea colloquy further satisfied the requirements of Rule 11 of the Federal Rules of Criminal Procedure.[7] In the absence of deficient performance and resulting prejudice, Ground Two is without merit and due to be denied.

***Ground Three***

In Ground Three, Pearson contends his counsel was ineffective in "allowing [him] to sign a plea agreement that contained sustained objections." (cv Dkt. 1 at 6). He explains,

---

[6] As discussed, at his change of plea hearing, Pearson confirmed that he understood the charges he faced, that he reviewed the facts, evidence, and the plea agreement with counsel, and that counsel had done everything he asked. (cr Dkt. 295 at 7-8, 11-13). He expressed satisfaction with counsel's representation. (Id. at 11). He denied being forced, threatened, or promised anything outside of the plea agreement. (Id. at 25). He acknowledged that he faced a mandatory minimum term of 20 years and a maximum of life, and that the sentencing guidelines were not binding upon the Court. (Id. at 27-28, 31-32). He also acknowledged that by pleading guilty he was waiving civil and constitutional rights, including the right to a jury trial, and "any objections as to how the charges were brought against [him] or as to how the evidence was gathered in the case." (Id. at 26-28, 32-34).

[7] Rule 11 "imposes upon a district court the obligation and responsibility to conduct an inquiry into whether the defendant makes a knowing and voluntary guilty plea" by addressing three core concerns: (1) the guilty plea must be free of coercion; (2) the defendant must understand the nature of the charges; and (3) the defendant must know and understand the consequences of his guilty plea. *United States v. Gandy*, 710 F.3d 1234, 1240 (11th Cir. 2013) (citations omitted). And Pearson provides no authority finding that a defendant's unawareness of the possibility of "retroactive new laws" undermines a valid guilty plea.

To the extent Pearson challenges the validity of his appeal waiver, the claim is without merit since he agreed to that provision in his plea agreement knowingly and voluntarily and during his change of plea hearing. (cr Dkt. 295 at 21-23; cr Dkt. 263 at 17-19). There is no indication that he misunderstood or objected to the appeal waiver. *See United States v. Johnson*, 541 F.3d 1064, 1066 (11th Cir. 2008) ("The waiver is valid if the government shows either that: (1) the district court specifically questioned the defendant about the waiver; or (2) the record makes clear that the defendant otherwise understood the full significance of the waiver." ).

> The Court's found that Chapter 2 enhancement is not applicable because the preponderances of the evidence did not establish that one of the defendant's primary or principal uses of his residence was the manufacture, distribution, or storage of controlled substances, and as to paragraph 19, the word "operated" is substituted with the words "was part of," in stating the facts. But the facts still had [him] as a operator in the conspiracy with coconspirator Salik Steven, who accepted the leadership role. Plea agreement also alleges that [Pearson's] residence was the primary premises for the storage and distribution of controlled substances. Therefore, counsel's performance fell below an objective standard of reasonable professional assistance because the Court's had already decided that the Chapter 2 enhancements were not applicable. This was plain error.

(Id. at 6-7). His contentions are without merit.

As the United States observes, Pearson signed the plea agreement before there were "sustained objections." (cv Dkt. 5 at 15). And he does not assert that, at the time, counsel was aware of a ground on which to object to the agreement's factual basis. Moreover, he cannot demonstrate prejudice resulting from counsel's advice. Counsel successfully objected to the PSR's statement that Pearson "operated" the drug trafficking organization and the enhancement for maintaining a drug premises. (cr Dkt. 496 at 8-9, 20-22). And counsel raised a concern about a potential leadership role enhancement, noting that Pearson was not a manager, supervisor, organizer, or leader of the conspiracy. (cr Dkt. 295 at 48-49). The PSR did not assess that enhancement. (cr Dkt. 349 ¶ 96). Accordingly, in the absence of deficient performance or resulting prejudice, Ground Three is due to be denied.

*Count Four*

In Ground Four, Pearson contends his counsel was ineffective "because he was not forthright or truthful." (cv Dkt. 1 at 8). He explains,

> Counsel plainly took advantage of the fact that [Pearson] could not read that well or have no knowledge of federal proceedings. Also counsel advised [him] that if he didn't take the plea deal, he would get life in prison at trial,

9

> if convicted. Next, counsel advised [him], that by pleading guilty, he will get 20 years at sentencing. Counsel manipulated [him] into believing that he never had a chance at trial, when there was case law that he could have applied. The statute requires proof that death "results" from the distribution of a controlled substance, and a jury is required to find that the deaths resulted from [his] conduct if the death would not have occurred, but for [his] use of the charged controlled substance dispensed by [him]. This "but for" standard is a correct statement of the level of causation required under the statute.

(Id.). These contentions are without merit.

First, when he pleaded guilty, Pearson denied being threatened, forced, or promised anything other than what was in his plea agreement. (cr Dkt. 295 at 22-23, 25). And he does not explain why it was unreasonable for counsel to advise him of the possibility of a life sentence if he proceeded to trial and was convicted, notwithstanding the United States' burden to establish that deaths or serious bodily injury resulted from Pearson's distribution of drugs. *See United States v. Lagrone*, 727 F.2d 1037, 1038 (11th Cir. 1984) ("When a defendant pleads guilty relying upon his counsel's best professional judgment, he cannot later argue that his plea was due to coercion by counsel.").

As to Pearson's claim that counsel told him he would receive a 20-year sentence, the guidelines range was 20 years. And in any event, counsel does not provide ineffective assistance by incorrectly predicting a sentence. *See Langford v. United States*, No. CIV.A09-00251WS-M, 2009 WL 6467043, at *9 (S.D. Ala. Oct. 23, 2009), *report and recommendation adopted*, No. CIV. 09-0251-WS, 2010 WL 1949480 (S.D. Ala. May 12, 2010) (citations omitted) ("[A] claim of ineffective assistance of counsel is not supported by a misjudgment in sentence length."); *see also United States v. Pease*, 240 F.3d 938, 941 (11th Cir. 2001) (affirming denial of defendant's motion to withdraw guilty plea where, although counsel incorrectly predicted the length of the sentence,

defendant was informed of the possible sentence during the plea colloquy). Indeed, during his change of plea hearing Pearson was advised of and acknowledged the maximum sentence and that the Court could "depart or vary above and beyond" the guidelines range. (cr Dkt. 295 at 31-32, 36-37).

Moreover, Pearson has not established that he would have proceeded to trial had counsel not told him he would receive a 20-year sentence. In the absence of deficient performance and resulting prejudice, Ground Four is without merit and due to be denied.

*Ground Five*

In Ground Five, Pearson contends his counsel was ineffective in "coercing [him] into a guilty plea and for failing to 'aggressively challenge any of the government's allegations.'" (cv Dkt. 1 at 13). He explains,

> Counsel could have contested the validity of the evidence in the case. This plea was accepted under "duress" after counsel advised [him] not to present his objections at sentencing in order to avoid the government's recommendation of a high-end sentence.

(Id.). These contentions are without merit.

First, as discussed, Pearson has not shown that his plea was entered under duress, and his Rule 11 colloquy belies any such claim. And he fails to identify the evidence counsel should have challenged. To the extent he argues counsel should have contested the evidence prior to entry of his guilty plea, he waived any such claim of pre-plea ineffective assistance of counsel. As discussed, counsel nonetheless did raise several objections at sentencing, some of which were successful. In addressing the Court's concerns about the deaths resulting from Pearson's drug activity, he requested the mandatory minimum sentence of 20 years. (cr Dkt. 496 at 30-31).

Pearson does not identify what, if any, additional objections should have been raised which would have been meritorious. Counsel is not ineffective in failing to raise a meritless objection. *Freeman v. Attorney General, State of Florida*, 536 F.3d 1225, 1233 (11th Cir. 2008). Indeed, it would have been reasonable for an attorney to pursue only the objections that were likely to succeed, rather than risk the Court finding that Pearson was not accepting responsibility. Accordingly, in the absence of deficient performance and resulting prejudice, Ground Five is without merit and due to be denied.

***Ground Six***

In Ground Six, Pearson contends counsel was ineffective in "advising [him] to plead guilty to conspiracy to distribute and possess with intent to distribute a controlled substance." (cv Dkt. 1 at 13). He explains that he pleaded guilty

> to all of the drugs in the conspiracy, one kilogram or more of fentanyl, and one hundred grams or more of fentanyl analogue resulting in death and serious bodily injury. A defendant in a drug conspiracy should only be sentenced based on the drug quantity attributed to him as an individual, not the quantity attributed to the entire conspiracy. Therefore, counsel's performance fell below the objective standard of reasonable professional assistance because [Pearson] should have not have been charged with the entire drug quantity of the conspiracy from the start.

(Id.). His contentions are without merit.

As the United States observes, the drug quantities specified in the indictment, plea agreement, and PSR were threshold quantities to establish the statutory penalties Pearson faced, not necessarily the total quantity of drugs distributed during the conspiracy. *See* 21 U.S.C. § 841(b)(1)(A)(i), (vi) and (b)(1)(C); (cr Dkt. 62 at 2; cr Dkt. 263 at 1; cr Dkt. 349 at 30). And the PSR did not calculate the drug quantities attributable to Pearson to determine his base offense level, since the crime involved death or serious bodily injury, resulting in a base offense level of

12

38 and a minimum sentence of 20 years. (cr Dkt. 349 ¶ 93). Moreover, Pearson pleaded guilty to having conspired to distribute at least one kilogram of heroin, 400 grams of fentanyl, and 100 grams of fentanyl analogue, which was supported by the stipulated factual basis. (cr Dkt. 263 at 1, 20-33).

Accordingly, any objection at sentencing would have been without merit, and counsel was not ineffective in failing to raise a meritless argument. To the extent Pearson contends counsel should have challenged the amount of drugs charged in the indictment before he pleaded guilty, the claim was waived by his guilty plea. And counsel was not ineffective in advising Pearson to plead guilty, considering the benefits of the plea agreement.[8]

## *Certificate of Appealability ("COA")*

Pearson is not entitled to a COA. A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right," which requires him to demonstrate "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); 28 U.S.C. § 2253(c)(2). Pearson has not met this standard. Because he is not entitled to a COA, he cannot appeal *in forma pauperis*.

---

[8] To the extent Pearson raises an actual innocence claim, and even assuming such a freestanding claim is available, he fails to make the requisite showing. *See Rozzelle v. Sec'y, Fla. Dep't of Corr.*, 672 F.3d 1000, 1010-11 (11th Cir. 2012).

**CONCLUSION**

Petitioner Pearson's § 2255 motion and motion to appoint counsel are **DENIED**. (cv Dkts. 1, 4). The Clerk is directed to enter judgment in favor of the United States and against Pearson, and to **CLOSE** the case.

**DONE AND ORDERED** this 8th day of May, 2020.

*/s/ James D. Whittemore*

**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Petitioner, Counsel of Record